IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CONTRACTORS BONDING & INSURANCE COMPANY** 9025 North Lindbergh Drive Peoria, IL 61615,        Plaintiff, v. **ADAMS & SONS CONSTRUCTION, LLC** 7306 Meadowlark Place Philadelphia, PA 19153,        Defendant. And **ASIA HOLLIS, Administratrix of the ESTATE OF ISAIAH DAVIS, deceased.** 244 Mantua Boulevard Mantua, New Jersey 08051        Nominal Defendant. | Civil Action No. |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, CONTRACTORS BONDING & INSURANCE COMPANY ("CBIC"), by and through its undersigned counsel, Fields Howell LLP, hereby files this Complaint for Declaratory Judgment against the Defendant, ADAMS & SONS CONSTRUCTION, LLC ("Adams & Sons"), and states as follows:

## NATURE OF THE ACTION

1.  This insurance coverage declaratory judgment action arises out of an underlying personal injury action filed against Adams & Sons, for which Adams & Sons sought insurance coverage under a commercial general liability policy issued to Adams & Sons by CBIC.

1

2. The insurance policy issued by CBIC to Adams & Sons excludes coverage for bodily injury arising from work completed by Adams & Sons prior to September 27, 2023.

3. The underlying lawsuit, *Asia Hollis, Administratrix of the Estate of Isaiah Davis v. Ruel Russell, et al.,* Case No. 240502010, pending in the Philadelphia County Court of Common Pleas, Civil Trial Division (the "Lawsuit"), alleges that Isaiah Davis ("Davis") suffered personal injuries and wrongful death caused by, among other things, defective construction work performed by Adams & Sons.

4. The Second Amended Complaint filed in the Lawsuit does not set forth the dates that Adams & Sons completed the work that allegedly caused Davis's injuries.

5. Subject to a complete reservation of rights, CBIC agreed to defend Adams & Sons in the Lawsuit.

6. During discovery in the Lawsuit, Adams & Sons admitted that the allegedly defective work was completed prior to September 27, 2023.

7. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, CBIC brings this action for Declaratory Judgment.

8. CBIC seeks a declaration that there is no coverage for the claim under the Policy and that CBIC is not required to defend and indemnify Adams & Sons in connection with the Lawsuit.

**THE PARTIES**

9. CBIC is an Illinois corporation engaged in the insurance business with its principal place of business located at 9025 North Lindbergh Drive, Peoria, Illinois 61615 and is, thus, a citizen of Illinois. CBIC is authorized to transact business and has transacted business in the Commonwealth of Pennsylvania.

10. Adams & Sons is a limited liability company organized under the laws of the Commonwealth of Pennsylvania. Adams & Sons' principal place of business is in Philadelphia, Pennsylvania. The members of Adams & Sons are citizens of Pennsylvania and are not citizens of Illinois or any foreign country.

11. Nominal Defendant, Asia Hollis, Administratrix of the Estate of Isaiah Davis, is an adult resident of New Jersey residing at 244 Mantua Boulevard, Mantua, New Jersey 08051, and is, thus, a citizen of the State of New Jersey. No claim is being made against Ms. Hollis or the Estate in this case. Rather, the Estate is named as a nominal defendant because the Estate may have a potential interest in the declaratory relief sought by CBIC in this proceeding and to ensure complete relief.

## JURISDICTION AND VENUE

12. This is an action for Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

13. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 2201 because there is complete diversity of citizenship between the parties, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and CBIC seeks declaratory relief pursuant to 28 U.S.C. §2201, *et seq.,* the Federal Declaratory Judgment statute.

14. CBIC issued Policy No. CKA0525322 and has more than $75,000.00 at issue in this litigation and is a proper party.

15. An actual case and controversy of a justiciable nature exists among the parties regarding the duties, rights, and obligations, if any, under the Policy.

16. Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391 because, *inter alia*, Adams & Sons resides in this judicial district, the Policy at issue was produced

and delivered to Adams & Sons in this judicial district, and the underlying personal injury lawsuit is pending in the Philadelphia County Court of Common Pleas, within this district.

## FACTUAL BACKGROUND

**A.** **THE POLICY**

17. CBIC issued policy No. CKA0525322, which provided commercial general liability coverage to Adams & Sons for the period of September 27, 2023 to September 27, 2024, subject to the Policy's terms, conditions, limitations, and exclusions (the "Policy"). *See* **Exhibit A,** Policy.

18. The Policy's Commercial General Liability Coverage Form for Coverage A - Bodily Injury and Property Damage Liability (CG 00 01 04 13) states, in part:

**SECTION 1 – COVERAGES**

**COVERAGE A- BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

\* \* \*

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory".

\* \* \*

**(**Exhibit A, Form CG 00 01 04 13, Insuring Agreement, at p.1).

19. The Policy defines "bodily injury" to mean bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

4

(Exhibit A, Form CG 00 01 04 13, at p. 13).

20. The Policy defines "coverage territory" to include the United States of America.

(Exhibit A, Form CG 00 01 04 13, at p. 13).

21. The Policy defines "occurrence" to mean an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

(Exhibit A, Form CG 00 01 04 13, at p. 15).

22. The Policy also contains an "Exclusion – Designated Work" Endorsement, Form CG 21 34 01 87 (the "Designated Work Endorsement"), which provides as follows:

**EXCLUSION – DESIGNATED WORK**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

PRODUCTS/COMPLETED OPERATIONS LIABILTY COVERAGE PART

**SCHEDULE**

**Description of your work:**

"YOUR WORK" COMPLETED PRIOR TO 9/27/2023. ("YOUR WORK" INCLUDES WORK PERFORMED ON YOUR BEHALF BY A SUBCONTRACTOR)

\* \* \*

This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" arising out of "your work" shown in the Schedule.

(Exhibit A, Form CG 21 34 01 87) (emphasis in original).

23. The Policy defines "Products-Completed Operations Hazard" as follows:

    **16**. "Products-completed operations hazard":

        **a.** Includes all "bodily injury" and "property damage" occurring

5

>   away from premises you own or rent and arising out of "your product" or "your work" except:
>
>   **(1)** Products that are still in your physical possession; or
>
>   **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:
>
>   **(a)** When all of the work called for in your contract has been completed.
>
>   **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
>
>   **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.
>
>   Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.
>
>   \*     \*     \*

(Exhibit A, Form CG 00 01 04 13 at p. 15).

24. The Policy defines "Your Work" as: (1) work or operations performed by you or on your behalf; and (2) materials, parts or equipment furnished in connection with such work or operations. (Exhibit A, Form CG 00 01 04 13 at p. 16).

25. Under the Designated Work Exclusion, the Policy does not provide coverage for bodily injury or property damage arising out of work completed by Adams & Sons prior to September 27, 2023.

**B.**    **THE UNDERLYING PERSONAL INJURY LAWSUIT**

26. On May 16, 2024, an initial complaint was filed by Isaiah Davis against Ruel Russell, the owner of 5333 Angor Terrace, Philadelphia, Pennsylvania (the "Property"), in the Court of Common Pleas for the First Judicial District of Pennsylvania, alleging that Davis suffered personal injuries at the Property.

27. On or around February 12, 2025, Davis filed a Second Amended Complaint, which added Adams & Sons as a defendant. *See* **Exhibit B,** Second Amended Complaint.

28. Davis alleges that he was injured when kitchen cabinets detached from the wall and fell on him while he was washing dishes at the Property on January 11, 2024. *See* Exhibit B at ¶¶ 8-9.

29. Davis alleges that Adams & Sons improperly installed the kitchen cabinets which caused his injuries. *Id.* at ¶¶ 29-30.

30. While the Lawsuit sets forth the date that Davis was injured, it does not provide the date that Adams & Sons allegedly performed and/or completed the work.

31. Although the Lawsuit was filed on February 12, 2025, CBIC did not receive notice of a claim from Adams & Sons until July 15, 2025.

32. CBIC did not receive notice of the Lawsuit until July 24, 2025.

33. Upon information and belief, Davis passed away and the complaint has since been amended to, among other things, add Davis's Estate as a party and to assert claims for wrongful death and survivorship, among others.

34. Following several amendments, the operative Complaint in the Lawsuit is the Fifth Amended Complaint, which was filed on May 30, 2025. *See* **Exhibit C,** Fifth Amended Complaint.

**C.  CBIC AGREED TO DEFEND SUBJECT TO A COMPLETE RESERVATION OF RIGHTS**

35. On August 6, 2025, CBIC sent Adams & Sons a reservation of rights letter, which advised that CBIC was appointing defense counsel to defend Adams & Sons in the Lawsuit subject to a complete reservation of rights (the "ROR").

36. The ROR advised Adams & Sons, among other things, that the Policy's Designated Work Exclusion excludes coverage for bodily injury arising out of work completed prior to September 27, 2023.

37. The ROR also advised that the information received by CBIC indicated that Adams & Sons may have completed work at the Property prior to September 27, 2023.

38. The ROR also advised Adams & Sons that CBIC reserved its right to deny coverage for the Lawsuit based on the Designated Work Exclusion.

D. **ADAMS & SONS COMPLETED THE WORK PRIOR TO SEPTEMBER 27, 2023**

39. Adams & Sons performed work at the Property pursuant to a Home Remodel/Repair Estimate No. 0436, dated February 26, 2020, that was provided to Sharon Butts (the "Estimate"). *See* **Exhibit D,** the Estimate.

40. The Estimate indicates that Adams & Sons shall, among other things, "[i]nstall new base and wall cabinets . . . ." *See* **Exhibit D** at p. 4.

41. In the Lawsuit, Adams & Sons represented in its Verified Answers to Interrogatories that the kitchen cabinets were installed in "approximately December 2020." *See* **Exhibit E,** Interrogatory Answers at Answer No. 24.

42. Adams & Sons also represented that the work at the Property was "completed in November 2021." *Id.* at Answer to Interrogatory No. 7.

43. Adams and Sons also represented that "HUD inspector Donald L. Goode conducted inspections of the kitchen cabinets after completion." *Id.* at Answer to Interrogatory No. 26.

44. A U.S. Department of Housing and Urban Development ("HUD") Draw Request Form (the "HUD Form") was signed by Don Goode Consulting, LLC (the "HUD Inspector") on September 13, 2021. *See* **Exhibit F,** HUD Form.

45. On the HUD Form, the HUD Inspector represented that a Final Inspection of Adams & Sons' work was performed and that on-site improvements were completed acceptably and no non-compliance was observed. *Id.*

46. On November 7, 2025, the corporate representative of Adams & Sons, Dorrence Adams, testified at his deposition that his Answers to Interrogatories were accurate.

47. A ripe and justiciable case and controversy has arisen in regard to whether the Policy provides coverage to Adams & Sons in relation to work completed prior to September 27, 2023.

48. This Court has the power to declare rights, status and other legal relations under a contract either before or after a breach thereof, and whether or not further relief is or could be claimed. 28 U.S.C. § 2201.

## COUNT I
## DECLARATORY RELIEF

49. CBIC incorporates by reference the allegations set forth in the preceding paragraphs as if set forth at length herein.

50. The Lawsuit alleges that Adams & Sons improperly installed cabinets at the Property.

51. The Lawsuit further alleges that Adams & Sons' improper installation of cabinets at the Property caused bodily injuries to Davis.

52. Adams & Sons admitted that it completed the cabinet installation at the Property prior to September 27, 2023.

53. The Policy excludes coverage for bodily injury arising from work by Adams & Sons that was completed prior to September 27, 2023.

54. The Policy does not provide coverage to Adams & Sons for the claims in the Lawsuit because they arise from work performed by Adams & Sons prior to September 27, 2023.

55. CBIC does not have a duty to defend Adams & Sons in the Lawsuit.

56. CBIC does not have a duty to indemnify Adams & Sons in the Lawsuit.

57. CBIC is entitled to a declaration that the Policy does not provide coverage to Adams & Sons for the claims asserted against Adams & Sons in the Lawsuit.

**WHEREFORE**, Plaintiff, Contractors Bonding & Insurance Company, respectfully demands judgment in its favor and against Defendant Adams & Sons Construction, LLC, pursuant to 28 U.S.C. §2201, declaring that:

(a) The Policy excludes coverage for claims of bodily injury arising from work completed by Adams & Sons prior to September 27, 2023; and

(b) CBIC does not owe a duty to defend Adams & Sons in the Lawsuit under the Policy; and

(c) CBIC is permitted to withdraw its defense of Adams & Sons in the Lawsuit, or cease paying for Adams & Sons' defense costs in the Lawsuit; and

(d) CBIC has no duty to indemnify Adams & Sons under the Policy; and

(e) A judgment in favor of CBIC on the declaratory relief so requested; and

(f) An order and/or judgment for such other or alternative relief consistent with the claims and causes asserted in this Complaint or as this Honorable Court may deem just and proper under the circumstances.

Respectfully Submitted,

Dated: March 13, 2026

**FIELDS HOWELL LLP**

/s/Christopher S. Myles
Christopher S. Myles, Esq
Gregory L. Mast, Esq.
Tia M. Brownmiller, Esq.
19 W College Ave., Suite 100
Yardley, Pennsylvania 19067
T: 267-214-7755; F: 404-214-1251
cmyles@fieldshowell.com;
gmast@fieldshowell.com
*Attorneys for Plaintiff,*
  *Contractors Bonding & Insurance Company*